```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FRED ALSTON, as a Trustee of       :
the Local 272 Labor-Management
Pension Fund, et al.,              :    11 Civ. 8317 (AJN)(HBP)

              Plaintiffs,          :    REPORT AND
                                        RECOMMENDATION
     -against-                     :

WEST 88TH GARAGE LLC,              :

              Defendant.           :

-----------------------------------X
```

        PITMAN, United States Magistrate Judge:

        TO THE HONORABLE ALISON J. NATHAN, United States District Judge

        By notice of motion dated July 24, 2012 (Docket Item 9), plaintiffs seek an Order pursuant to Fed.R.Civ.P. 45(e) punishing defendant for contempt of court.  For the reasons set forth below, I respectfully recommend that the motion be granted.

        Plaintiff commenced this action on November 16, 2011 pursuant to the civil enforcement provision of the Employment Retirement Income Security Act, 28 U.S.C. § 1132.  Plaintiff seeks to recover unpaid contributions allegedly due and owing to two employee benefit plans.  Defendant failed to answer or otherwise appear in the action and a default judgment was entered

against it on March 26, 2012.  The judgment directed that defendant allow plaintiffs to audit all books and records of all [of] defendant's trades and businesses, whether or not incorporated, which are under defendant's common control, that will enable plaintiffs to determine the amount of contributions owed to plaintiff on behalf of participants employed by defendant for the period July 1, 2010 to [the date of the judgment]."  The judgment also awarded plaintiffs $1,750.00 in attorney's fees and costs (Judgment, dated March 26, 2012 (Docket Item 8)).

Defendant apparently ignored the both the injunctive and monetary provisions of the judgment, and on or about June 19, 2012, plaintiffs served a subpoena on defendant seeking both documents and testimony concerning the unpaid benefits (Declaration of Jeffrey S. Dubin,. Esq., dated July 24, 2012 ("Dubin Decl."), Exs. B & C (Docket Item 10)).  Defendant also ignored the subpoena (Dubin Decl. ¶¶ 11-12), prompting the present motion.

Given defendant's total and unexplained disregard for the process of the Court, I respectfully recommend that plaintiff's motion be granted.  There can be no question that the Court has the power to enter an Order of civil contempt to compel compliance with its Orders.  <u>Armstrong v. Guccione</u>, 470 F.3d 89, 101 (2d Cir. 2006), <u>citing</u> <u>In re Irving</u>, 600 F.2d 1027, 1031 (2d

2

Cir. 1979). Defendant has ignored the injunctive and monetary portions of the Court's judgment and the subpoena, issued by counsel pursuant to Fed.R.Civ.P. 45 as an officer of the Court. See Williams v. Keenan, 106 F.R.D. 565, 567 (D. Mass. 1985) (Court order not necessary condition precedent to holding witness in contempt for disobeying subpoena; subpoena itself is Court Order.). Accordingly, a finding of contempt is appropriate.

      I respectfully recommend that the Court issue an Order holding defendant in contempt for its failure to comply with both the Judgment and the subpoena and advising defendant that unless it complies with the Judgment and subpoena within fourteen (14) days of the Order, the Court will issue supplementary Orders to enforce its finding of contempt and that such a supplementary Order may include an Order directing the United States Marshal to arrest and imprison defendant's custodian of documents to compel compliance with the Court's Orders.

OBJECTIONS

      Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court,

with courtesy copies delivered to the Chambers of the Honorable Allison J. Nathan, United States District Judge, 500 Pearl Street, Room 615, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Nathan. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated: New York, New York
October 9, 2012

Respectfully submitted,

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Jeffrey S. Nathan, Esq.
Suite 100
464 New York Avenue
Huntington, New York  11743

Aaron Katz
320 West 36th Street
New York, New York  10018

West 88th Garage, LLC
Apt. 2L
280 Park Avenue South
New York, New York  10010