```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: DEC 20 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
FRED ALSTON, et al.,

         Plaintiffs,      11 Civ. 8317 (AJN) (HBP)

    -v-             ORDER

WEST 88TH GARAGE, LLC,

         Defendant.
------------------------------------------------------------- X

ALISON J. NATHAN, District Judge:

  Before the Court is Magistrate Judge Pitman's Report and Recommendation (the "R&R") recommending that the Court grant Plaintiffs' motion for an order pursuant to Fed.R.Civ.P. 45(e) holding Defendant in contempt of court. (Dkt. # 13) For the reasons that follow, the Court adopts the R&R in its entirety and grants the relief detailed herein.

## PROCEDURAL HISTORY

  Plaintiffs commenced this action on November 16, 2011, pursuant to the civil enforcement provision of the Employment Retirement Income Security Act, 28 U.S.C. § 1132. (Dkt. # 1) Defendant failed to answer or otherwise appear. On March 26, 2012, the Court entered a judgment against Defendant requiring Defendant to submit to an audit of its books and records. (Dkt. # 8) It also awarded Plaintiffs attorneys' fees and costs in the amount of $1,750. (*Id.*) Plaintiffs contend that Defendant has failed to satisfy its obligations under the judgment. (Dkt. # 10)

  On June 19, 2012, Plaintiffs served a subpoena for testimony and documents on Defendant. (*Id.*) Plaintiffs contend that Defendant also failed to comply with the subpoena. (*Id.*)

1

On August 3, 2012, Plaintiffs filed a motion seeking an order pursuant to Fed.R.Civ.P. 45(e) holding Defendant in contempt of court. (Dkt. # 9) Plaintiffs' motion papers were served on Defendant via overnight delivery. (Dkt. # 11) Defendant did not timely appear or oppose Plaintiffs' motion. On October 9, 2012, Judge Pitman issued a Report and Recommendation recommending that the Court grant Plaintiff's motion. (Dkt. # 13)

On October 23, 2012 – the deadline for filing objections to the R&R – counsel for Defendant entered an appearance and sought an extension of time to file objections to the R&R, which request was granted. (Dkt. #s 14, 15) On November 30, 2012, Defendant filed an affirmation in opposition to Plaintiff's motion. (Dkt. # 18)[1] On December 10, 2012, Plaintiff filed an affirmation in support of the R&R. (Dkt. # 19)

## STANDARD OF REVIEW

When a magistrate judge issues findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1). The court reviews *de novo* any portions of a magistrate judge's report and recommendation to which a party has stated a timely objection. *Id.* As to those portions that neither party objects to, the court may review for clear error. *See Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009). However, "new arguments and factual assertions cannot properly be raised for the first time in objections to the R&R, and indeed may not be deemed objections at all." *Smith v. Hulihan*, 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) (citing *Forman v. Artuz*, 211 F. Supp. 2d 415, 418 n. 8 (S.D.N.Y. 2000)).

---

[1] Defendant's opposition was initially incorrectly filed and had to be refiled on December 3, 2012. (Dkt. # 18)

## ANALYSIS

As an initial matter, Defendant's opposition to Plaintiffs' motion is untimely, having been due fourteen days after service of the moving papers. *See* Local Civil Rule 6.1(b). To the extent that Defendant attempts to caption its opposition to Plaintiffs' motion as objections to the R&R, this too is impermissible because Defendant raises arguments not previously considered by Judge Pitman. Thus, the Court reviews the R&R for clear error.

Fed.R.Civ.P. 45(e) empowers the Court to hold in contempt a party "who, having been served, fails without adequate excuse to obey the subpoena." Fed.R.Civ.P. 45(e). The Court may also issue contempt citations for failure to comply with its orders. *See Armstrong v. Guccione*, 470 F.3d 89, 101 (2d Cir. 2006). In light of Defendant's failure to comply with either the June 19, 2012 subpoena or the March 26, 2016 judgment of this Court, Judge Pitman did not clearly err in recommending issuance of a contempt citation.

Indeed, even if this Court were to consider Defendant's opposition, it would nonetheless find issuance of a contempt citation appropriate because Defendant has failed to provide an adequate excuse for noncompliance. At most, Defendant indicates that it produced some limited records to Plaintiffs in April 2012. (Dkt. #17, ¶ 5) However, this does not excuse Defendant's failure to comply fully with the terms of the March 26, 2012 judgment or the June 19, 2012 subpoena. Furthermore, it simply is not plausible that Defendant continued to believe that its April 2012 records production was sufficient once it received the June 19, 2012 subpoena detailing twenty-five categories of documents sought by Plaintiffs. In sum, Defendant's conduct warrants issuance of a contempt citation.

## CONCLUSION

For the forgoing reasons, it is hereby ORDERED that Defendant West 88th Garage, LLC

is in civil contempt of both this Court's March 26, 2012 judgment and the June 19, 2012 subpoena.

IT IS FURTHER ORDERED that by January 21, 2013, Plaintiffs or their designee be given access to the books and records necessary for the audit contemplated by the March 26, 2012 judgment and the June 19, 2012 subpoena. If such access is not timely given, Defendant will be sanctioned in the amount of $500 every business day until such access is given.

IT IS FURTHER ORDERED that on or before January 21, 2013, Defendant pay to Plaintiffs all monies owed pursuant to the March 26, 2012 judgment.

IT IS FINALLY ORDERED that Defendant pay the attorney's fees and costs incurred by Plaintiffs in bringing the instant motion. On or before January 14, 2013, Plaintiffs shall submit to the Court, copy to opposing counsel, records in support of their request. Defendant may submit objections to the requested amounts only. Any such objections shall be submitted to the Court on or before January 21, 2013.

<u>Failure to comply with this order may result in further sanctions, including imprisonment</u>.

SO ORDERED.

Dated: December 20, 2012
       New York, New York

_____
ALISON J. NATHAN
United States District Judge

4